FOR THE

COUNTIES OF FRANKLIN AND HAMPSHIRE, SEPTEM
BER TERM 1863, AT GREENFIELD.

PRESENT:

Hon. GEORGE T. BIGELOW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. EBENEZER R. HOAR,  } Justices.
Hon. REUBEN A. CHAPMAN,

## FRANKLIN COUNTY.

INHABITANTS OF LEVERETT *vs.* INHABITANTS OF DEERFIELD.

One who has an estate as tenant by the curtesy initiate in land held by his wife to her sole
and separate use, under *St.* 1845, *c.* 208, does not, by living thereon three years succes-
sively, gain a settlement, under Rev. Sts. *c.* 45, § 1, *cl.* 4.

CONTRACT to recover for money expended for the support of
Orange W. Keet, a pauper.

At the trial in the superior court, before *Ames,* J., it was ad-
mitted that the plaintiffs were entitled to recover, unless Keet
acquired a settlement in Leverett under the following circum-
stances: On the 19th of June 1856, Cephas Field conveyed

certain real estate in Leverett to Creusa Keet, wife of said Orange W. Keet, by whom he has had several children, and who is still living, to have and to hold the same " to the said Creusa Keet, to her sole and separate use, free from the interference or control of her husband, and to the said Creusa's heirs and assigns, to her and their sole use and behoof forever ; " and from March 1, 1857, to December 17, 1860, he and his family lived thereon, receiving no aid from Deerfield.

Upon these facts, the judge directed a verdict for the plaintiffs, and reported the case for the determination of this court.

*S. O. Lamb,* for the defendants. Keet had an estate as tenant by the curtesy initiate in his wife's land in Leverett. Rev. Sts. *c.* 60, § 17. 4 Kent Com. (6th ed.) 32. Clancy on Husb. & Wife, 182, 185, 191. Roper on Husb. & Wife, 4, 14, 24, 25, 42. 1 Washburn on Real Prop. 132, 141. *Gardner* v. *Hooper,* 3 Gray, 398. *Kirby* v. *Tead,* 13 Met. 149. This by common law is a freehold estate ; and it does not depend on the taking of rents and profits. 2 Bl. Com. 127. Crabb on Real Prop. § 1091. *Foster* v. *Marshall,* 2 Fost. (N. H.) 491. *Adair* v. *Lott,* 3 Hill, (N. Y.) 182. See also authorities above cited. The statutes relating to married women carefully provide that the estate by the curtesy shall not be impaired thereby ; and they give to married women no power, by their own acts, to dispose of their land, or to deprive their husbands of their estate by the curtesy. *Sts.* 1842, *c.* 74; 1845, *c.* 208, § 7 ; 1855, *c.* 304, §§ 3, 5; 1857, *c.* 249, §§ 2, 4. Gen. Sts. *c.* 108, §§ 3, 10. *Beach* v. *Manchester,* 2 Cush. 72. *Beal* v. *Warren,* 2 Gray, 447, 459.

*D. Aiken,* for the plaintiffs, cited Gen. Sts. *c.* 90, § 19 ; *c.* 108, § 10 ; *Orleans* v. *Chatham,* 2 Pick. 29. *Mansfield* v. *Pembroke,* 5 Pick. 449.

DEWEY, J. The sole inquiry is, whether the pauper Orange W. Keet acquired a settlement in Leverett under the provisions of Rev. Sts. *c.* 45, § 1, *cl.* 4, (reënacted in Gen. Sts. *c.* 69, § 1, *cl.* 4.) The language of the statute is, " Any person of the age of twenty-one years, being a citizen of this or any other of the United States, having an estate of inheritance or freehold in any town within the state, and living on the same three years

successively, shall thereby gain a settlement in such town." The only estate in Leverett in which the pauper had any interest was that which was owned by his wife Creusa, by virtue of the deed executed to her by Cephas Field on the 19th of June 1856. The recent changes introduced by various statutes, securing to married women the sole and exclusive right of property in land conveyed to them, to be held to their sole and separate use, have materially affected the legal interest of their husbands therein. It was formerly held quite enough to show that the husband had succeeded to a freehold in the right of his wife in land held by her, to give him a settlement, under a similar statute. *Windham* v. *Portland*, 4 Mass. 384. *Orleans* v. *Chatham*, 2 Pick. 29. At that time, he would have had the right to the use and improvement of all her lands during coverture. But the *Sts.* of 1845, *c.* 208, and 1857, *c.* 249, debar the husband of any such rights in lands granted to his wife for her sole and separate use, and he has no legal interest in them during coverture which can authorize his taking the rents and profits. It was because the husband had the right to the rents and profits that he was held to have a freehold estate, in the case of *Orleans* v. *Chatham, ubi supra.* All that is reserved to the husband in such cases under the present laws is his right as tenant by the curtesy. This estate is sometimes called a freehold estate. It becomes a tenancy by the curtesy initiate, upon marriage and the birth of a child ; but the estate is not consummate until after the death of the wife, and it gives no power or authority to take the rents and profits during the life of the wife. This being so, the husband was not seised of such an estate as was required to give him a settlement in Leverett under the provisions of the statute.

*Judgment on the verdict for the plaintiffs.*